Chad S. Pehrson (12622)
Clayton Hadlock (18397)
**KUNZLER BEAN & ADAMSON**
50 W Broadway, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 994-4646
cpehrson@kba.law
chadlock@kba.law

*Attorneys for Plaintiff Alucent Biomedical, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALUCENT BIOMEDICAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLINICAL SERVICES CORPORATE OPERATIONS, INC. (dba ALLUCENT), <br><br> Defendant. | CASE NO.: 2:23-cv-00445 <br><br> **COMPLAINT** <br><br> Judge _____ <br><br> **JURY DEMAND** |

Plaintiff Alucent Biomedical, Inc. ("Alucent") complains against Defendant Clinical Services Corporate Operations, Inc., doing business as Allucent, as follows:

## PRELIMINARY STATEMENT

1. Defendant Allucent infringes upon Plaintiff Alucent's trademark rights. Both companies operate in the biotechnology industry. Plaintiff Alucent is the senior user by 8 years. The most pertinent facts include:

- Since 2014, Plaintiff Alucent has developed and marketed biomedical technology, including new light-based treatments for patients with vascular diseases. Specifically,

    Alucent utilizes a light source to photoactivate a small molecule compound that catalyzes the development of links in the walls of a blood vessel. Hence, Alucent's tagline, "*lighting the way to sustainable patency.*" The importance of light activation within the mechanism of action led to the selection of the name "Alucent."

- Defendant Allucent "re-branded" in 2022, changing its name from CATO SMS. Allucent markets its services within the biotechnology space, with its common marketing tagline being "Helping bring new therapies to light."

- The Latin verb alluceo "means to shine upon." The English adjective "lucent" means "glowing with or giving off light."

- Upon first learning of the infringement, Plaintiff Alucent conveyed the cease and desist correspondence attached hereto as **Exhibit A**. In response, Defendant Allucent stated: "we intend to continue the use of our 'Allucent' mark and all associated marks."

    2.    Plaintiff Alucent owns two federally registered trademarks – numbers 5535737 and 5544706 (the "Alucent Marks") – for "Alucent Biomedical."

    3.    Defendant Allucent is infringing these trademarks in violation of federal law. Alucent files this action pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims under the statutory and common laws, all arising from Defendant Allucent's unauthorized use of the Alucent Marks in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Allucent's goods and services.

## JURISDICTION

    4.    This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

5.     Venue is proper in this district under 28 U.S.C. § 1391(b), including because Defendant Allucent has committed numerous acts of infringement in this district, which acts of infringement have harmed Plaintiff Alucent which has its central place of business in this district. In particular, Defendant Allucent utilizes the Allucent Mark in commerce in Utah, including soliciting its services to Utah companies, advertising in Utah, and specifically seeking employees to work in Utah.

## PARTIES

6.     Plaintiff Alucent is incorporated under the laws of Delaware and has its principal place of business in Salt Lake City, Utah.

7.     Defendant Clinical Services Corporate Operations, Inc., which does business as Allucent, is incorporated under the laws of Delaware. Its principal place of business and North American Headquarters is in Cary, North Carolina. Prior to 2022, Defendant did business as CATO SMS, before changing its name to Allucent.

## FACTS

A.  <u>Plaintiff Alucent and the Alucent Marks</u>

8.     Plaintiff Alucent is a biomedical company focused on a vision of transforming the way vascular disease is treated. Plaintiff Alucent's first-of-its-kind technology uses light to treat vascular diseases; a light source photoactivates a molecule compound that can create durable links within a blood vessel's native connective tissue. This critical use of light led the company to select the name "Alucent," and Alucent describes its processes as "lighting the way to sustainable patency."

3

9. As early as 2017, Plaintiff Alucent began using the name Alucent in commerce to identify and describe its products and services, and their source (the "Alucent Marks"). In January 2018, Alucent filed for registrations for certain of the Alucent Marks, namely: Registration No. 5535737, which protects the word mark "ALUCENT BIOMEDICAL," and Registration No. 5544706, which protects Alucent's logo:



10. The United States Patent and Trademark Office registered these two applications on the Principal Register on August 7, 2018, and August 21, 2018, respectively (the "Registered Marks"). True and correct copies of the registration certificates for the Alucent Marks are attached hereto as **Exhibit C**.

11. Alucent has used certain of the Alucent Marks throughout the United States since 2014 and the Registered Marks since 2018, in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of its goods and services.

12. As a result of its widespread, continuous, and exclusive use of the Alucent Marks to identify its goods and services, and Alucent as their source, Alucent owns valid and subsisting federal statutory and common law rights to the Alucent Marks.

13. The Alucent Marks are distinctive to both the consuming public and Alucent's

trade.

14.     Alucent has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under the Alucent Marks.

15.     As a result of Alucent's expenditures and efforts, the Alucent Marks have come to signify the high quality and distinctiveness of Alucent's technology, and Alucent has acquired incalculable distinction, reputation, and goodwill as a result.

16.     Alucent has engaged in commerce and in legal communications with other companies as part of protecting the Alucent Marks.

B.  Allucent's Unlawful Activities

17.     Defendant Allucent advertises itself as a "global provider of comprehensive drug development solutions, including consulting, clinical operations, biometrics, and clinical pharmacology across a variety of therapeutic areas."

18.     Before 2022, Defendant Allucent was known as CATO SMS. According to Allucent's website, in 2022 it rebranded itself as "Allucent" in order to use its "new name and bold branding" to "put[] the spotlight on biotech innovators and help[] them deliver treatments to patients with unmet needs." Like Plaintiff Alucent, Allucent's name is associated with the meaning of the Latin verb, *Alluceo*, which Defendant Allucent describes as meaning "to shine a light upon something or to create an opportunity."

19.     Defendant Allucent's website says that it "provides experience-driven insights and expertise to assist clients in successfully navigating the complexities of delivering novel treatments to patients."

20.     According to Defendant Allucent, it has "therapeutic expertise" in various areas

of medicine, including "cardiology and vascular" medicine.

21. Without Plaintiff Alucent's authorization, in 2022 Allucent adopted and began using the company name "Allucent" and various associated marks (hereinafter, the "Infringing Marks") in U.S. commerce.

22. The Infringing Marks adopted and used by Allucent are identical to, or confusingly similar to, the Alucent Marks.

23. Defendant Allucent has been engaged in the distribution, provision, advertising, promotion, offering for sale, and sale of goods and services using the Infringing Mark in Utah, throughout the United States and abroad. Attached hereto as **Exhibit D** are representative materials showing Defendant Allucent's use of the Infringing Marks.

24. The goods and services Defendant Allucent has distributed, provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Marks compete with and are closely related to the goods and services of Plaintiff Alucent.

25. Defendant Allucent has distributed, provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Marks, its goods and services through trade and promotional channels that overlap with the trade and promotional channels Alucent uses to distribute its goods and services. The purchasers, partners, consumers and vendors to whom Defendant Allucent markets its goods and services overlap with the purchasers, partners, consumers and vendors to which Plaintiff Alucent markets its goods and services.

26. Defendant Allucent has applied for eight federal trademarks under its name, but none have been registered on the Principal Register.

27. On May 31, 2023, counsel for Plaintiff Alucent sent a cease and desist letter to

Allucent objecting to Allucent's use of the Infringing Marks. (See Exhibit A).

28. On June 30, 2023, Plaintiff Alucent received a response from Defendant Allucent, which stated that it "intend[ed] to continue the use of [its] "ALLUCENT" mark and all of our associated marks." This letter is attached hereto as Exhibit B.

29. Defendant Allucent's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Allucent's goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Allucent's goods and services originate from, are associated or affiliated with, or otherwise authorized by Alucent.

30. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of the Alucent Marks, and cause confusion and deception in the marketplace.

31. Defendant Allucent's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff Alucent and to its valuable reputation and goodwill with the consuming public for which Plaintiff Alucent has no adequate remedy at law.

## COUNT ONE

### Federal Trademark Infringement

32. Plaintiff Alucent repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

33. Defendant Allucent's unauthorized use in commerce of the Alucent Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation

of Defendant Allucent's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant Allucent's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff Alucent, or that Defendant Allucent is in some way affiliated with or sponsored by Alucent. Defendant Allucent's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. Upon information and belief, Defendant Allucent has committed the foregoing acts of infringement with full knowledge of Alucent's prior rights in the Alucent Marks and with the willful intent to cause confusion and trade on Alucent's goodwill.

35. Defendant Allucent's conduct is causing immediate and irreparable harm and injury to Plaintiff Alucent, and to its goodwill and reputation, and will continue to both damage Alucent and confuse the public unless enjoined by this court. Alucent has no adequate remedy at law.

36. Defendant Alucent is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### Federal Unfair Competition

37. Plaintiff Alucent repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

38. Defendant Allucent's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation

of Allucent's goods and services, and is likely to cause consumers to believe, contrary to fact, that Allucent's goods and services are sold, authorized, endorsed, or sponsored by Alucent, or that Defendant is in some way affiliated with or sponsored by Alucent.

39. Defendant Allucent's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

40. Upon information and belief, Defendant Allucent's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant Allucent with Plaintiff Alucent.

41. Defendant Allucent's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendant Allucent's conduct as alleged herein is causing immediate and irreparable harm and injury to Alucent, and to its goodwill and reputation, and will continue to both damage Alucent and confuse the public unless enjoined by this court. Alucent has no adequate remedy at law.

43. Alucent is entitled to, among other relief, injunctive relief and an award of actual damages, Allucent's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE

## Statutory Unfair Competition and Unfair Deceptive Trade Practices

**(Utah Code Ann. § 13-5a-101, et seq.)**

44. Plaintiff Alucent repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

45. Defendant Allucent's wrongful acts set forth above, including acts of trademark infringement and unfair competition, cause confusion and deceive consumers as to the origin and source of the products and services promoted and sold with the Infringing Marks, the origin and source of Defendant Allucent's products, and the relationship between the two companies.

46. These actions constitute unfair competition under Utah Code Ann. § 13-5a-101, et seq. Defendant Allucent's conduct is in or affecting commerce throughout the United States and in Utah.

47. Furthermore, Defendant Allucent, by its actions as alleged herein, has caused a likelihood of confusion or of misunderstanding as to the source of its services (and related marketing/promotional efforts) and has thereby engaged in a deceptive trade practice, pursuant to Utah Code Ann. § 13- 11a-3(1)(b). Defendant's conduct as set forth hereinabove gives rise to a cause of action for deceptive trade practices and related wrongs under the statutory laws of the State of Utah, including at least Utah Code Ann. § 13-11a-4(2)(a)

48. Through its action, Defendant Allucent has damaged Plaintiff Alucent in Utah and elsewhere. Unless restrained, Defendant Allucent's actions will continue to cause irreparable injury to the Plaintiff and to its goodwill and reputation that cannot be adequately compensated by monetary damages.

49. Plaintiff Alucent seeks all available remedies under Utah law, including actual damages, costs and attorney fees, and punitive damages.

## COUNT FOUR

### Common Law Trademark Infringement

50. Plaintiff Alucent repeats and realleges paragraph 1 through 31 of this Complaint as if fully set forth herein.

51. Plaintiff Alucent owns the Alucent Marks, which are valid and enforceable.

52. Defendant Allucent's actions as alleged herein, including the use of the Alucent Marks for its products and services, constitute trademark infringement in violation of Utah common law.

53. Defendant Allucent's infringing use of the Alucent Marks is likely to cause consumer confusion regarding whether its products and services originate from Plaintiff Alucent or are associated or affiliated with the Plaintiff Alucent, and whether both organizations are associated or affiliated.

54. As a direct and proximate result of Defendant Allucent's wrongful acts, Plaintiff Alucent has suffered, continues to suffer, and is likely to suffer damages to its business reputation and goodwill.

55. Plaintiff Alucent has no adequate remedy at law and, unless restrained, Defendant Allucent will continue to infringe and cause irreparable damage to Plaintiff Alucent.

## COUNT FIVE

### Common Law Unfair Competition

56. Plaintiff Alucent repeats and realleges paragraph 1 through 31 of this Complaint

as if fully set forth herein.

57.     Defendant Allucent has been and is engaging in acts of unfair competition in violation of Utah common law—including by using the Alucent Marks—that are likely to cause confusion, mistake, or deception regarding the approval, sponsorship, license, source or origin of Defendant Allucent's products.

58.     Defendant Allucent has damaged and will continue to damage Plaintiff Alucent irreparably. Plaintiff Alucent has suffered damage to its goodwill and reputation in the marketplace that money cannot compensate.

59.     Due to Defendant Allucent's actions, Plaintiff Alucent has no adequate remedy at law and is entitled to an injunction restraining Defendant Allucent from engaging in further acts of unfair competition.

## JURY DEMAND

Plaintiff, by and through counsel, hereby demands a trial by jury of any issues triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alucent requests judgment against Defendant Allucent as follows:

1.     That Allucent has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2.     Granting an injunction preliminarily and permanently enjoining Allucent, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns,

and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a.    manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote any goods or services bearing the mark "Allucent" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Alucent Marks;

    b.    engaging in any activity that infringes Alucent's rights in the Alucent Marks;

    c.    engaging in any activity constituting unfair competition with Alucent;

    d.    engaging in any activity that is likely to dilute the distinctiveness of Alucent's Marks;

    e.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Allucent's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Alucent, or (ii) Alucent's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Allucent;

    f.    using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Alucent or tend to do so;

    g.    registering, applying to register, or maintaining the application to register any

trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark "Allucent" or any other mark that infringes or is likely to be confused with the Alucent Marks, or any goods or services of Alucent, or Alucent as their source; and

h. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

3. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Allucent are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Alucent or constitute or are connected with Alucent's goods or services.

4. Directing Defendant Allucent to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark "Allucent" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Alucent Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Allucent's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs,

displays, and other materials featuring or bearing the mark "Allucent" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Alucent Marks, and to immediately remove them from public access and view.

5. Directing Defendant Allucent to formally abandon with prejudice any and all of its applications to register the Infringing Marks or any mark consisting of, incorporating, or containing the Alucent Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

6. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant Allucent to file with the court and serve upon Alucent's counsel within thirty (30) days after service on Allucent of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

7. Awarding Plaintiff Alucent an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and relevant state law.

8. Directing that Defendant Allucent account to and pay over to Alucent all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and relevant state law, enhanced as appropriate to compensate Alucent for the damages caused thereby.

9. Awarding Plaintiff Alucent punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

10. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Alucent its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a) and relevant state law).

11. Awarding Plaintiff Alucent interest, including prejudgment and post-judgment interest, on the foregoing sums.

12. Awarding such other and further relief as the Court deems just and proper.

DATED this 11th day of July, 2023.

Respectfully submitted,

**KUNZLER BEAN & ADAMSON**

*/s/ Chad S. Pehrson*

Chad S. Pehrson
*Attorneys for Plaintiff*
*Alucent Biomedical, Inc.*